

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | | |
|---|---|---|
| United States of America<br>v.<br>FERNANDO SIERRA II<br>a/k/a Cuzzo<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br>**11-5150SAG** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 2011__ in the county of __Talbot__ in the _____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 846 | Conspiracy To Distribute Narcotics |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David Coleman, Special Agent HSI/ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11/28/2011__

_____
*Judge's signature*

City and state: __Baltimore, Maryland__   Stéphanie A. Gallagher, U.S. Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES COURT FOR THE
# DISTRICT OF MARYLAND

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

David Coleman, a Special Agent with United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Division of Homeland Security Investigations (HSI), being duly sworn, deposes and states:

## 1. INTRODUCTION

1. I am an agent employed by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Division of Homeland Security Investigations (HSI). As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code. I am also a Title 21 cross-designated officer, empowered by the Drug Enforcement Administration to conduct drug investigations.

2. I have been employed as a Special Agent with ICE since June 2009. I am currently assigned to the Office of the Resident Agent in Charge, Ocean City, Maryland, as well as the High Intensity Drug Trafficking Area (HIDTA) Task Force, post of duty, Ocean City, Maryland. I previously held the position of United States Customs and Border Protection Officer and have been participating in narcotics detection and interdiction since March 2008. I have received training in all areas of narcotics investigations and money laundering investigations, including search and seizure laws and statutes pertaining to enforcement of the Controlled Substance Act. I have also received additional training in gang investigations and their relevance to narcotics

smuggling.

3. Since my employment with ICE, I have received specialized training in the area of drug smuggling and money laundering investigations and have participated in narcotics and money laundering investigations. I have conducted covert surveillance of suspected drug traffickers on numerous occasions, and interviewed numerous individuals involved in the drug trafficking trade. I have written search warrants and assisted in the execution of numerous state and federal search warrants. I have arrested numerous narcotics traffickers and assisted in the arrest of narcotics traffickers. I have participated in investigations resulting in the seizure(s) of multiple kilograms of marijuana, U.S. currency, firearms, and other controlled substances. Based on my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, the methods of payment for such drugs, and the manner in which narcotics traffickers communicate with each other.

**FACTS SUPPORTING PROBABLE CAUSE FOR ARREST**

4. On the evening of November 2, 2011 investigators from Homeland Security Investigations (HSI), Maryland State Police-Drug Enforcement Division (MSP-DED), and Easton Police Department (EPD) obtained information from a court ordered Title III wire intercept that Rontario Lamont SULLIVAN (hereinafter SULLIVAN) would be meeting with an out-of-state drug supplier "CUZZO", later identified as Fernando SIERRA II, (hereinafter SIERRA). In anticipation of the meeting between SULLIVAN and SIERRA, investigators staged in the area of Village Street in Easton, Maryland to conduct surveillance of the meeting. At approximately 7:00pm investigators observed a gray 2010 Acura RSX bearing Delaware registration 276208 (hereinafter TARGET VEHICLE) enter Village Street and park in front of an apartment complex building. An African-

American male known to investigators as Rontario Lamont SULLIVAN walked to and entered the TARGET VEHICLE. The two individuals met for a period of less than ten minutes. SULLIVAN then exited and walked from the TARGET VEHICLE. Based on your affiant's training, knowledge and experience, your affiant believes that this meeting was a drug transaction in which SULLIVAN obtained controlled dangerous substances, namely cocaine hydrochloride. Investigators were unable to see where SULLIVAN walked, but followed the TARGET VEHICLE out of Village Street to US Route 50 west and north onto US Route 301 into Delaware. Investigators were unable to identify SIERRA during this drive, but described him to be an African-American male with short dark hair.

5. Subsequent to the November 2 meeting with SIERRA, on November 3, 2011, SULLIVAN was intercepted over wire communication stating that he was "being bad". During this call, investigators heard light hammering in the background. Due to the clarity and context of the hammering your affiant believes that SULLIVAN was performing the hammering during this conversation. Additionally, a member of the Talbot County Narcotics Task Force (TCNTF) has learned from a confidential source of information that SULLIVAN uses a hammer to break apart large quantities of cocaine hydrochloride with a hammer before he processes it. Your affiant believes that the light hammering sound in the background of SULLIVAN'S conversation was the hammering and breaking apart of compressed portions of cocaine hydrochloride for processing into consumer quantities of cocaine hydrochloride and conversion into "crack" cocaine.

6. On November 23, 2011 at approximately 5:30pm, members of HSI, the Easton Police Department (EPD), and the Maryland State Police (MSP-DED) obtained information from the same court ordered Title III wire intercept that Rontario Lamont SULLIVAN would again be meeting with SIERRA and receiving a supply of controlled dangerous substances, namely cocaine hydrochloride

and heroin at approximately 9:00pm. In anticipation of the meeting between SULLIVAN and SIERRA investigators staged for surveillance in and around Village Street (This was the same location where SULLIVAN met with SIERRA on November 2). At approximately 9:20pm investigators witnessed the TARGET VEHICLE enter Village Street and park in front of an apartment complex.

7. A telephone call was intercepted around this time in which SULLIVAN told SIERRA he could "get out of the car". Investigators observed the TARGET VEHICLE trunk open, an African-American male exit the TARGET VEHICLE, greet SULLIVAN and walk to the open trunk. A mobile surveillance investigator pulled up to SULLIVAN and SIERRA at which time SULLIVAN began to run from the TARGET VEHICLE. Investigators chased SULLIVAN and observed him reach into and around his pants waistband during the foot pursuit. Investigators apprehended SULLIVAN and recovered a plastic bag with suspected "crack" cocaine, cocaine hydrochloride and heroin from his pants waistband. The suspected "crack" cocaine and cocaine hydrochloride seized from SULLIVAN field tested positive for the presence of cocaine. The suspected heroin seized from SULLIVAN field tested positive for the presence of heroin. SULLIVAN was arrested and transported to the Easton Police Department and charged with multiple state drug offenses as well as resisting/interfering with arrest.

8. The field tested drugs were weighed at the Talbot County Narcotics Task Force office. The following weights were obtained: approximately 26.0 grams of "crack" cocaine, approximately 57.0 grams of cocaine hydrochloride and approximately 72 grams of heroin. All field tested drugs will be submitted for further comprehensive laboratory analysis and identification.

9. During the chase for SULLIVAN, SIERRA stayed by the TARGET VEHICLE. SIERRA is the same individual observed by law enforcement who met with SULLIVAN on November 2, 2011. He was arrested and transported to Easton Police Department and charged with multiple state drug offenses. A search of his vehicle uncovered approximately $3000.00.

10. Your affiant knows through training, knowledge, and experience that 26 grams of "crack" cocaine, 57 grams of cocaine hydrochloride and 72 grams of heroin are worth in excess of $11,000 on the "street," indicating to your affiant that the amount of the narcotics was far in excess of the amount intended for personal use, and in fact would indicate to your affiant an intention to distribute.

11. Based on the foregoing, there is probable cause to believe that Rontario Lamont SULLIVAN and Fernando SIERRA II, did conspire with each other and others to possess with intent to distribute over approximately 26 grams of "crack" cocaine, 57 grams of cocaine hydrochloride, and 72 grams of heroin in violation of 21 U.S.C. § 846.

I, David Coleman, affirm under penalties of perjury that the facts and circumstances recounted are true and accurate to the best of my knowledge, information and belief.

David Coleman
Special Agent
Homeland Security Investigations

Signed to and sworn before me this 28th day of November, 2011.

Stephanie A. Gallagher
United States Magistrate Judge

5